Filed 5/19/25  P. v. Clark CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> FRED DOUGLAS CLARK, <br><br> Defendant and Appellant. | 2d Crim. No. B337917 <br> (Super. Ct. No. BA472670-01) <br> (Los Angeles County) |

Fred Douglas Clark appeals the trial court's order denying his petition for resentencing pursuant to Penal Code section 1172.6.[1]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed multiple supplemental briefs raising no arguable issues.  We affirm.

---

[1] All further statutory references are to the Penal Code.

*Procedural Background*

In July 2019, appellant pleaded guilty to attempted murder (§ 187, subd. (a), 664) and second degree robbery (§ 211) and admitted the firearm enhancement allegations (§§ 12022.5, subd. (a), 12022.53, subd. (b)).  The trial court sentenced appellant to an aggregate determinate term in state prison of 17 years and 4 months.[2]

In April 2022, appellant filed a petition for resentencing pursuant to section 1172.6.  The trial court found that appellant made a prima facie showing for relief, issued an order to show cause, and conducted an evidentiary hearing.

At the hearing, appellant testified that he went to the 7-Eleven store on October 30, 2018, armed with a firearm and with the intention of committing a robbery.  He fired one shot inside the store.  He then fired several more shots outside the store to discourage anyone from following him.  During his police interrogation, appellant wrote an apology letter to the victims, which was admitted into evidence at the hearing.

After the hearing, the trial court issued an 11-page memorandum of decision denying the petition and concluding as follows: "Respondent has provided proof beyond a reasonable doubt that the Petitioner committed a robbery, shot at, and attempted to kill Roy Amaya inside the [7-Eleven] store, thereafter fleeing into the parking lot.  Upon becoming aware that Roy Amaya was chasing him, the Petitioner stopped, pointed a gun at him and fired 4 to 5 additional rounds.  There is ample evidence on this record that the Petitioner aimed and shot at

---

[2] Appellant also pleaded no contest to additional charges in two other cases, resulting in a total sentence on all charges of 20 years and 4 months.  Those cases are not at issue here.

Amaya on two separate occasions with the requisite intent to kill."

*Discussion*

Where, as here, appointed counsel finds no arguable issues in an appeal from an order denying postconviction relief pursuant to section 1172.6, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief. (*Id.* at p. 232.)

Here, appellant filed three supplemental briefs challenging his conviction for attempted murder and contending that he lacked the requisite intent to kill when he discharged his firearm. For example, he contends he merely "shot in the air" and "[tried] to avoid anyone being hurt." But appellant presented this version of events at the hearing, and the trial court found it to be "unbelievable" and "unpersuasive." Insofar as appellant asks us to reconsider the evidence and come to a different conclusion than the trial court, we decline to do so.

Appellant also appears to challenge appellate counsel's representation in this appeal. This contention is meritless because appellant cannot show counsel's representation was deficient or that he was prejudiced by any such deficiency. (*Strickland v. Washington* (1984) 466 U.S. 668, 693-694, 697.)

*Disposition*

The trial court's order denying the petition is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

4

Gustavo N. Sztraicher, Judge
Superior Court County of Los Angeles

_____

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.